## C. T. LANGHORN, ET AL., *v.* LEBANON & CALVARY TURNPIKE CO.

**Married Woman—Acceptance of Deed—Lien for Purchase-Money.**

When a married woman accepts a deed of conveyance and holds the title, she cannot bind herself personally for the price, but in such a case equity will declare a lien on the land for the balance of purchase price as the only means of enforcing payment, and where the debt has been assigned the assignee may proceed against the land for payment.

### APPEAL FROM MARION CIRCUIT COURT.

October 8, 1878.

OPINION BY JUDGE COFER:

The evidence seems to us to preponderate in favor of the conclusion that as part of the contract for the sale and purchase of the land it was agreed that Mrs. Langhorn should assume the payment of McElroy's subscription for six shares of the appellee's capital stock. True, her husband swears that he assumed to pay for the stock, but in the same connection he also says he purchased the land. McElroy swears that Mrs. Langhorn assumed to pay it, and that she signed her name to the subscription and his was erased, and the appellee's secretary, although he never saw Mrs. Langhorn's name on the book, somehow got the impression that she was interested in the stock, and kept the account in the name of Langhorn and wife; and the fact that the compensation for right of way through the land, which was certainly hers, was applied and accepted as a credit on the subscription tends to sustain the conclusion reached by the circuit judge.

There is nothing in the record to show that a lien was retained on the land to secure the payment of the unpaid purchase money, but we apprehend that this was not necessary. Mrs. Langhorn has accepted, as we infer, and is now holding the title to the land. She could not bind herself personally for the price, and equity will therefore give a lien on the land as the only means of enforcing payment of the purchase money; and as the amount due to the appellee is a part of the purchase money assigned to it and which she agreed to pay, and as payment cannot be enforced except by proceeding against her property, there was no error in adjudging the land to be sold to pay whatever is due to appellee.

But we incline to the opinion that the court erred in rejecting the account pleaded as a set-off. Langhorn proved that Able, while

president of the appellee, directed him to supply Krahl the articles embraced in his account, and agreed that the price should be credited on the stock subscription. True, Able does not appear to have been specially authorized by the directors to make such an agreement, but that was not necessary. He was the chief executive officer of the corporation, and as such had power to make the contract without special authority.

Judgment *reversed,* and case remanded for judgment in conformity with this opinion.

*C. S. Hill, for appellants.   W. B. Harrison, for appellee.*